UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60125-Cr Marra/Hopkins

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HOWARD KUSNICK,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and HOWARD KUSNICK (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the one-count information which charges the defendant with Conspiracy To Commit Wire Fraud, in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" in an advisory capacity). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable advisory guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable advisory guideline range and impose a sentence that is either more severe

or less severe than the advisory guidelines range. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of up to three years of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00, and the Court may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant, which will be paid by the defendant at the time of entry of this plea.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "this Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by three levels the advisory sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and

affirmative and timely acceptance of personal responsibility. The United States also agrees to recommend that the Court impose sentence at the low end of the applicable advisory guideline range However, the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or, (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

      7.    The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

      a. <u>Base Offense Level</u>:  That, pursuant to Section 2B1.1(a) of the Sentencing Guidelines, the base offense level is 6.

      b. <u>Loss</u>: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is $310,000, increasing the base offense level 12 levels.

      c. <u>Special Skill</u>: The offense the use of a special skill that significantly facilitated the commission of the offense pursuant to 3B1.3 increasing the base offense level 2 levels.

      d. <u>Overall guideline range</u>: That the applicable guideline range under all of the circumstances of the offense committed by the defendant is level 20.

  e. <u>Variance</u>: That the parties agree that there is no basis for a variance either above or below the applicable guideline range and that neither party will seek a variance at sentencing.

  8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may <u>not</u> withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

| | |
|---|---|
| Date: 6/13/11 | WIFREDO A. FERRER<br>ACTING UNITED STATES ATTORNEY<br><br>*(signature)*<br>JEFFREY N. KAPLAN<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 13 June 11 | *(signature)*<br>LAWRENCE LAVECCHIO<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 6/13/11 | *(signature)*<br>PAUL SCHWARTZ<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: _____ | *(signature)*<br>KENDALL COFFEY<br>ATTORNEY FOR DEFENDANT |
| Date: 5/23/11 | *(signature)*<br>JOSHUA RYDELL<br>ATTORNEY FOR DEFENDANT |
| Date: 5/26/11 | *(signature)*<br>HOWARD KUSNICK<br>DEFENDANT |